FILED

2008 Jun-30  AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JUANITA CROSBY,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   CIVIL ACTION NO. 06-G-2099-NE
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
        Defendant.                 )

## MEMORANDUM OPINION

The plaintiff, Juanita Crosby, brings this action pursuant to the provisions of

section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial

review of a final adverse decision of the Commissioner of the Social Security

Administration (the Commissioner) denying her application for Social Security Benefits.

Plaintiff timely pursued and exhausted her administrative remedies available before the

Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the

Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end

this court "must scrutinize the record as a whole to determine if the decision reached is

reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

Subsequent to date of the ALJ decision, the plaintiff submitted additional evidence to the Appeals Council.  This evidence included a treatment note from Dr. Clark dated January 16, 2006.  [R 430]  The note states:  "She comes in today complaining of pain about her wrist.  It has been hurting for several weeks and has increased in its intensity and is interfering with her activities around the home."  [R 430]  Dr. Clark believed she was suffering form de Quervain's tendinitis, which he characterized as "a rather severe case."  [R 430]  Surgical options were discussed.  [R 430]  The plaintiff also submitted an MRI of the lumbar spine dated February 22, 2006, which was ordered by Dr. Clark.  [R 432]  The radiologist's impression was that it showed: "Moderate disc bulging and desiccation at 3-4 with a little compromise of the central canal and foramina secondary to disc and degenerative facet changes.  Lesser disc bulging and degenerative facet disease at 4-5 and 5-1."  [R 432]

Claimants are permitted to submit new evidence at each step of the review process, 20 C.F.R. § 404.900(b)("In each step of the review process, you may present any information you feel is helpful to your case.  [W]e will consider at each step of the review process any information you present as well as all the information in our records.").  The Appeals Council is required to consider the entire record, "including the new and material

evidence submitted if it relates to the period on or before the date of the administrative law

judge hearing decision."  20 C.F.R. § 404.970(b); <u>Keeton v. Department of Health and</u>

<u>Human Services</u>, 21 F.3d 1064, 1066 (11th Cir. 1994).  Because the Appeals Council

actually considered the evidence, the court will only review whether the decision of the

Commissioner was supported by substantial evidence in light of that evidence.[1]  The

Regulations require the Appeals council to "review the case if it finds that the

administrative law judge's action, findings, or conclusion is contrary to the weight of the

evidence currently of record."  20 C.F.R. § 404.970(b).  This court may consider the

evidence submitted to the Appeals Council to determine whether the decision of the ALJ

was supported by substantial evidence when the plaintiff also challenges the decision of the

Appeals council to deny review.  <u>See</u>, <u>Ingram v. Astrue</u>, 496 F.3d 1253, 1266 (11th Cir.

2007)(finding <u>Falge v. Apfel</u>, 150 F.3d 1320 (11th Cir. 1988), inapplicable in such cases);

<u>Maroney v. Apfel</u>, 57 F. Supp. 2d 1250  (N.D. Ala. 1999);

In the present case, the new evidence submitted to the Appeals Council

supports the claimant's allegations of lower back pain.  [<u>See</u>, R 441]  When the ALJ's

decision is considered in light of the new MRI and Dr. Clark's treatment note, it is not

supported by substantial evidence.  There were no other treatment records relating to the

plaintiff's lower back pain during the relevant period of time that contradict the findings of

---

[1] The court observes that an MRI of the lumbar spine performed one month following the ALJ's decision that showed degenerative changes certainly related to the plaintiff's condition prior the date of the ALJ's decision.  This conclusion is buttressed because the MRI was ordered by Dr. Clark, who examined the plaintiff on January 16, 2006, four days prior to the ALJ's decision..

the lumbar MRI.  Because the ALJ relied strongly on the lack of treatment after December 2003 to find the plaintiff not credible, a major rationale for his decision (at least as of January 16, 2006) is called into question by the evidence submitted to the Appeals Council. Therefore, the action will be remanded to the Commissioner for further development of the record in light of the new evidence submitted to the Appeals Council.  On remand the Commissioner shall thoroughly investigate the plaintiff's lower back impairment in combination with her other impairments to determine whether she was disabled prior to the date of the ALJs decision.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 30 June 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

4